IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RICH POISEL'S ROOFING and RICH POISEL, <br><br> Plaintiffs, <br><br> vs. <br><br> TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, <br><br> Defendant. | **8:19CV447** <br><br> **ORDER TO SHOW CAUSE** |

Federal Rule of Civil Procedure 4(m) provides, "If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

The plaintiffs, pro se, filed the Complaint on October 11, 2019. (Filing No. 1). More than 90 days has elapsed since the Complaint was filed. To date, the plaintiffs have not filed any return of service indicating service on the defendant, a waiver of service has not been filed, the defendant has not entered voluntary appearances, and the plaintiffs have not requested an extension of time to complete service. "The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)," even if the plaintiff is proceeding without counsel. See Fed. R. Civ. P. 4(c)(1). As such, the plaintiffs shall be ordered to show cause why this case should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m).

Additionally, and perhaps more importantly, the face of the Complaint does not establish that this court has subject matter jurisdiction. "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (citing *Philbrook v. Glodgett*, 421 U.S. 707 (1975)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "It is a fundamental precept that federal courts are courts of limited jurisdiction. The limits upon

federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).

A district court can attain subject-matter jurisdiction under federal question or diversity jurisdiction. See 28 U.S.C. §§ 1331-32. A district court's federal question jurisdiction extends to "all civil actions arising under the Constitution, laws, or treaties of the United States." See 28 U.S.C. § 1331. Diversity jurisdiction is limited to cases in which the "controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" See 28 U.S.C. § 1332(a). "[P]ro se complaints are to be construed liberally[.]" *Stringer v. St. James R-1 Sch. Dist.*, 446 F.3d 799, 802 (8th Cir. 2006).

Construing the plaintiffs' Complaint liberally, the Court finds that it fails to show any manner in which this court could find a basis for jurisdiction based on either diversity of citizenship or a federal question arising under the Constitution, law, or treaties of the United States. *See* 28 U.S.C. §§ 1331-32. No federal cause of action or basis for federal court jurisdiction is apparent on the face of the Complaint. And, although the Complaint appears to dispute a $175,539 bill, which would satisfy the amount in controversy, the Complaint does not reflect the citizenship of the parties for the Court to assess whether there is complete diversity. As such, the plaintiffs shall show cause why this case should not be dismissed for lack of subject matter jurisdiction.

Finally, plaintiff Rich Poisel filed the Complaint on behalf of himself and his business, Rich Poisel's Roofing. However, "It is settled law that a corporation may be represented only by licensed counsel." *Carr Enterprises, Inc. v. United States*, 698 F.2d 952, 953 (8th Cir. 1983). If this action is to proceed, Rich Poisel may only represent himself, but not his company, which must be represented by licensed counsel. Upon consideration,

**IT IS ORDERED** that the plaintiffs shall have until **January 30, 2020**, to show cause why this case should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) and for lack of subject matter jurisdiction. The failure to timely comply with this order may result in dismissal of this action without further notice.

Dated this 13th day of January, 2020.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge